BLANCHE, Judge.
This is an appeal from a trial court judgment denying plaintiff-appellant’s claim for monthly disability benefits under an accident and health insurance plan.
The plaintiff-appellant suffered severe back pains on November 13, 1973, thirteen days after the effective date of his income disability certificate. He asserted that the pain resulted from an accident which occurred while carrying a mail bag up some steps to an address at which he was making a delivery. He is claiming benefits for total disability.
The record shows that the plaintiff-appellant was issued a certificate styled as “Certificate of Mortgage Accident and Health Insurance” under a plan styled “Group Mortgage Accident and Health Policy” issued by the American Home Assurance Company, a foreign insurer, to the Standard Mortgage Corporation of New Orleans, Louisiana. The purported certificate was issued to provide benefits to pay the mortgage payments which the plaintiff-appellant had incurred as a result of a mortgage granted to the insured, Standard Mortgage Corporation.
The controversy on appeal centers around the “injury” provisions of the policy, as plaintiff-appellant does not and could not claim benefits under the “sickness” provisions of the policy since the evidence discloses that he had been under treatment for spondylolisthesis within twelve months of the effective date of the policy. The “injury” definition states:
“ ‘Injury’ wherever used in the policy means bodily injury caused by an accident occurring while the policy is in force as to the Insured Mortgagor whose injury is the basis of claim and resulting directly and independently of all other causes in loss covered by the policy.” (Certificate of Mortgage Accident and Health Insurance, Exhibit P-3, Record, p. 67 — Emphasis supplied)
The sole question is whether the injury of plaintiff was caused by an accident as defined in the policy.
The trial judge was not impressed that plaintiff suffered injury from an accident. In his Written Reasons he stated that there was no obvious occurrence of an accident. There was “no fall, no tripping, no slipping, no stumble” and that “the plaintiff must rely on the subjective evidence that he experienced pain when he turned and started up the steps.” The trial judge obviously did not accept plaintiff’s subjective evidence of an accident, all of which was within his prerogative as the trier of fact. Other evidence that the plaintiff’s back complaints were the symptoms of the disease spondylolisthesis serves to strengthen this conclusion.
Additionally, seven days after the accident purportedly occurred, plaintiff consulted a physician and made no complaint whatsoever of having pain in either his back or knee or of having suffered injury from an accident. A finding that there was no accident is amply supported by the record.
Nevertheless, the trial judge, assuming arguendo that plaintiff suffered injury from an accident, went on to distinguish the present case from the Supreme Court decision in Martin v. American Benefit Life Insurance Company, 294 So.2d 200 (La.1974), relied on herein by plaintiff. In the Martin case the plaintiff had a pre-existing arthritic condition and was injured in an automobile accident which resulted in his disability. In allowing recovery under a similar policy provision, the Supreme Court stated:
“The rule to be applied in such cases was stated to be that if there is a pre-ex-isting disorder or illness at the time an *821 injury is received, recovery may be had if the injury is severe enough to have caused considerable damage and if the disease was not the proximate cause or principal cause of the disability. See also Thibodeaux v. Pacific Mutual Life Insurance Co., 237 La. 722, 112 So.2d 423 (1959), and the numerous authorities cited there.” (294 So.2d at 202)
Again, in commenting on the factual situation presented by the Martin case, the Court stated:
“In this case the arthritic condition was perhaps a potential source of trouble to this insured, but from this record it would not have brought about this disability at this time without the trauma suffered in the accident. On October 25 it was not a disease or defect within the terms of the policy, but merely a predisposing tendency. It would be different in a case where an ordinary act of everyday activity brought about a condition of disability because of an existing latent or dormant condition. No recovery would be allowed there. But here there was an accident, a catastrophe of unusual dimensions, an automobile collision in which the vehicle Martin was riding was totally destroyed and in which several persons were injured — Martin requiring an ambulance to bring him to the hospital. (294 So.2d at 203 — Emphasis supplied)
The trial judge then correctly distinguished the Martin case by stating:
“The above stated rule, when applied to the facts in this case, leads to a different conclusion. In the first place, the alleged injury does not meet the test of severity prescribed above. It was not an injury ‘severe enough to have caused considerable damage.’ From the medical testimony it appears almost certain that the alleged injury would have caused no damage of any consequence, except for the pre-existing disease.
“Secondly, the spondylolisthesis with which the plaintiff was afflicted was not a ‘dormant’ — ‘potential source of trouble to the insured’ or ‘merely a predisposing tendency.’ It was an active condition and a manifest source of trouble as recently as October 28-31, two days before the effective date of the certificate of insurance and two weeks before the alleged accident.
“Finally, this is a ‘different’ case situation such as the Supreme Court had in mind in Martin when it said, ‘where an ordinary act of everyday activity brought about a condition’ of alleged disability, ‘no recovery would be allowed.’ It was not such a major accident as that described in the Martin case. A person walking along with Mr. CASTILOW would not even have been aware of an accidental occurrence except by subjective complaint.” (Reasons for Judgment, Record, p. 362)
Finally, we concur with the trial judge when he observed:
“ * * * It is extremely doubtful that the alleged ‘accident’ as described by him, independently of other causes, resulted in the spinal condition described by his orthopedist * * * which required surgical intervention for a spinal fusion. * * * ” (Reasons for Judgment, Record, p. 363)
We affirm the judgment of the trial court, appellant to pay all costs of this appeal.
AFFIRMED.